Chiesa Shahinian & Giantomasi PC
RONALD L. ISRAEL
MELISSA A. SALIMBENE
One Boland Drive
West Orange, New Jersey 07052
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
*Attorneys for Plaintiff*
*Ruggiero Seafood, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUGGIERO SEAFOOD, INC., <br><br> Plaintiff, <br><br> v. <br><br> NGC, INC., d/b/a THE TOWN DOCK <br><br> Defendant. | Case No.: <br><br> **COMPLAINT ALLEGING TRADEMARK INFRINGEMENT, COMMON LAW TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION** <br><br> **Jury Trial Demanded** |

The Plaintiff Ruggiero Seafood, Inc. (hereinafter "Plaintiff"), located at 474 Wilson Avenue, Newark, New Jersey 07105, by and through its undersigned attorneys, for its complaint against the defendant, alleges as follows:

### NATURE OF ACTION

1.      This is an action for trademark infringement, trade dress infringement, unfair competition and other relief arising under the trademark and service mark laws of the United States, specifically 15 U.S.C. § 1051 *et seq.* (hereinafter "Lanham Act") and the common law of the State of New Jersey.

5566901.8

## THE PARTIES

2. Plaintiff is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 474 Wilson Avenue, Newark, New Jersey 07105.

3. Upon information and belief, defendant NGC, Inc., d/b/a The Town Dock ("Defendant") is a corporation organized and existing under the laws of the state of Rhode Island with a principal place of business located at 45 State Street, Narragansett, Rhode Island 02882.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise under the trademark and service mark laws of the United States. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over Plaintiff's claims that arise under the laws of the State of New Jersey.

5. This Court has personal jurisdiction over the parties to this action because (i) Plaintiff's claims arise in this judicial district; (ii) Plaintiff is located within this judicial district; and (iii) and each party does substantial business within this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arise in this judicial district, each party does substantial business in this judicial district, witnesses and evidence are located within this judicial district, and many of the acts complained of herein have taken place in this judicial district, including, but not limited to, Defendant's substantial sales of goods sold under the infringing marks and trade dress within this judicial district.

5566901.8

## PLAINTIFF'S TRADEMARKS AND COLOR
## CATEGORIZATION SYSTEM

7.     Plaintiff is an industry leader in the sale of fresh and frozen seafood and has operated its highly successful business since the 1920s.  Plaintiff's website can be viewed at www.ruggieroseafood.com.

8.     Plaintiff has for decades utilized a variety of trademarks and corresponding colored labels to identify the origin and quality of its seafood products, in particular frozen calamari.  Plaintiff is the owner of numerous registered trademarks including the marks RED LABEL, GREEN LABEL and BLUE LABEL.

9.     Ruggiero is the owner of the following United States Trademark Registrations for its aforementioned marks all covering frozen fish and seafood in International Class 29:

RED LABEL, Reg. No. 4,412,555;
GREEN LABEL, Reg. No. 4,412,554; and
BLUE LABEL, Reg. No. 4,412,556.

Printouts from the United States Patent & Trademark Office's Online Database of Plaintiff's registrations are attached hereto as **Exhibit A**.

10.     In addition to Plaintiff's use of its registered trademarks identified above, Plaintiff has for decades utilized a color categorization system that is comprised of using actual color coded labels on its product packaging that correspond to Plaintiff's RED LABEL, GREEN LABEL and BLUE LABEL marks, which color coded labels identify Plaintiff as the source of the specific types of calamari that Plaintiff offers.

11.     For example, Plaintiff uses the mark RED LABEL **together with** an actual, prominent "red label" on its packaging to signify that Plaintiff is the source of highest quality Loligo Squid that emanates from Thailand and is sold by Plaintiff under these source indicators.

3

5566901.8

12. Through Plaintiff's long and continuous use, its color categorization system has come to be a distinctive source indicator of Plaintiff's products and Plaintiff's color categorization system functions as protectable trade dress that is widely recognized and relied upon by its customers.

13. Plaintiff's use of its RED LABEL, GREEN LABEL and BLUE LABEL marks and corresponding colored (Red, Green and Blue) labels have come to be relied upon by consumers to identify Plaintiff's products. Although Plaintiff's customers are very familiar with Plaintiff's RED LABEL, GREEN LABEL and BLUE LABEL word marks, many of Plaintiff's customers simply refer to and order Plaintiff's products by the colored labels themselves.

14. Through Plaintiff's long and continuous use, its RED LABEL, GREEN LABEL and BLUE LABEL marks and color categorization system trade dress have come to be distinctive source indicators of Plaintiff's products.

15. Plaintiff has invested a substantial amount of time, money and other resources advertising, promoting, marketing and publicizing its goods sold under its RED LABEL, GREEN LABEL and BLUE LABEL marks and color categorization system trade dress. As a result of Plaintiff's substantial advertising, marketing and promotional efforts, its RED LABEL, GREEN LABEL and BLUE LABEL marks and color categorization system trade dress have acquired substantial consumer recognition and goodwill. Plaintiff's RED LABEL, GREEN LABEL and BLUE LABEL marks and color categorization system trade dress have become important source indicators that identify Plaintiff's goods both in the State of New Jersey, and elsewhere throughout the United States. For all of the foregoing reasons, Plaintiff's

5566901.8

RED LABEL, GREEN LABEL and BLUE LABEL marks and color categorization system trade dress are exceedingly valuable assets of Plaintiff.

16.     Plaintiff's seafood goods are sold through a variety of trade channels, including via wholesale to restaurants and other food providers throughout the country.  As a result of Plaintiff's long and continuous use of its trademarks and corresponding colored labels, consumers throughout the food industry have come to recognize and associate Plaintiff's RED LABEL, GREEN LABEL and BLUE LABEL marks and color categorization system trade dress with Plaintiff.

## DEFENDANT'S INFRINGEMENT

17.     Many years subsequent to Plaintiff's first use of its RED LABEL, GREEN LABEL and BLUE LABEL marks and corresponding (Red, Green and Blue) colored labels, and long subsequent to Plaintiff's RED LABEL, GREEN LABEL and BLUE LABEL marks and color categorization system trade dress acquiring substantial public recognition as identifying and distinguishing Plaintiff's goods from those of others, Defendant began utilizing the identical trademarks "Red Label," "Blue Label" and "Green Label" in connection with Defendant's sale of identical goods, namely, calamari.

18.     In addition to the use of the identical word marks, Defendant has also copied and misappropriated Plaintiff's practice of using corresponding colored labels on the packaging of Defendant's goods for the sole purpose of creating confusion in the marketplace and to undercut Plaintiff from a pricing standpoint.

19.     Plaintiff has on several occasions since 2012 demanded in writing that Defendant discontinue its use of Plaintiff's marks and practice of using corresponding colored

5566901.8

labels on its packaging.   The details of Defendant's infringement of Plaintiff's intellectual property rights are as follows:

### RED LABEL

20.    It was brought to Plaintiff's attention (first in 2012) that Defendant was using the identical trademark "Red Label" in connection with the sale of calamari.   Plaintiff sent Defendant a letter on April 18, 2012 demanding that Defendant discontinue use of the identical mark "Red Label."

21.    During subsequent communications between the parties Defendant claimed to have discontinued use of the word "Label" in connection with its products in response to Plaintiff's demands.  Upon information and belief, however, Defendant has continued to utilize the color red to designate its calamari through the use of the marks "Town Dock Red" and "TD Red."

22.    In addition to Defendant's continued use of word marks that contain the word "Red," Defendant continues to use a red label on the packaging for its products in order to confuse consumers who believe they are receiving Plaintiff's high quality RED LABEL calamari when they are actually purchasing Defendant's products. Attached hereto at **Exhibit B** is a photo of a box of Defendant's calamari that bears a red label and the wording "TD Red" that was very recently encountered by a representative of Plaintiff at a restaurant that buys product from both companies.   In addition, attached hereto at **Exhibit C** is price list for Defendant's products dated October 13, 2015 demonstrating Defendant's continued use of the colors Red, Green and Blue as designations for its products.

23.    Just as Plaintiff does with its red-colored label that corresponds to its RED LABEL mark, Defendant continues to utilize a red label on its products to indicate to

6

5566901.8

consumers the particular type of calamari that is being sold and the geographic origin of the calamari. By continuing to use a red label and marks that contain the word "Red" and having only recently discontinued use of the identical word mark "Red Label," Defendant is confusing consumers who are accustomed to Plaintiff's RED LABEL mark and corresponding red label into believing that Defendant's products are associated with or one in the same as Plaintiff's products.

24.     In addition, Defendant's representatives have repeatedly engaged in misleading sales tactics whereby customers mistakenly believe that the "Red Label" products sold by Defendant are one and the same with and/or of the same quality and geographic origin as those sold by Plaintiff, which they are not.

## GREEN LABEL

25.     It was brought to Plaintiff's attention (first in 2012) that Defendant was using the identical trademark "Green Label" in connection with the sale of calamari.  Plaintiff sent Defendant a letter on April 18, 2012 demanding that Defendant discontinue use of the identical mark "Green Label."

26.     After Defendant did not comply with Plaintiff's demands, Plaintiff sent Defendant a second letter on February 7, 2014 again demanding that Defendant discontinue use of the identical mark "Green Label."

27.     During subsequent communications between the parties Defendant has claimed to have discontinued use of the word "Label" in connection with its products in response to Plaintiff's demands.

28.     Notwithstanding Defendant's claim that it has discontinued use of the identical mark "Green Label," Defendant continues to utilize the identical mark "Green Label" on its

5566901.8

website. In addition, Defendant continues to use a green label on the packaging for its products in order to confuse consumers who believe they are receiving the highest quality calamari when they purchase "Green Label." Specifically, attached hereto at **Exhibit D** is a screen shot from Defendant's website depicting a box of Defendant's calamari that bears the identical mark "Green Label" as well as an actual a green label.

29. Defendant also continues to utilize the color green to designate its calamari through the use of the marks "Town Dock Green," "TD Green" and "Green Line" in connection with its sale of calamari. Defendant's continued use of the color Green as a designation for its products can be seen on its website and on the price list dated October 13, 2015 attached at **Exhibit B**.

30. Defendant's continued use of the identical mark "Green Label" in connection with the sale of identical goods undoubtedly results in consumer confusion. In addition, Defendant continues to utilize a green label on its products to indicate to consumers the particular type of calamari that is being sold and the geographic origin of the calamari. By continuing to use a green label Defendant is confusing consumers who are accustomed to Plaintiff's GREEN LABEL mark and corresponding green label into believing that Defendant's products are associated with or one in the same as Plaintiff's products.

31. In addition, Defendant's representatives have repeatedly engaged in misleading sales tactics whereby customers mistakenly believe that the "Green Label" products sold by Defendant are one and the same with and/or of the same quality and geographic origin as those sold by Plaintiff, which they are not.

5566901.8

## BLUE LABEL

32.     It was brought to Plaintiff's attention (first in 2012) that Defendant was using the identical trademark "Blue Label" in connection with the sale of calamari.    Plaintiff sent Defendant a letter on April 18, 2012 demanding that Defendant discontinue use of the identical mark "Blue Label."

33.     During subsequent communications between the parties Defendant has claimed to have discontinued use of the word "Label" in connection with its products in response to Plaintiff's demands.

34.     Upon information and belief, Defendant continues to use a blue label on the packaging for its products in order to confuse consumers who believe they are receiving the highest quality calamari when they purchase "Blue Label."    Defendant's continued use of the color Blue as a designation for its products can be seen on the price list dated October 13, 2015 attached at Exhibit B.

35.     Just as Plaintiff does with its blue-colored label that corresponds to its Blue LABEL mark, Defendant continues to utilize a blue label on its products to indicate to consumers the particular type of calamari that is being sold and the geographic origin of the calamari.  By continuing to use a blue label and having only recently discontinued use of the identical word mark "Blue Label," Defendant is confusing consumers who are accustomed to Plaintiff's BLUE LABEL mark and corresponding blue label into believing that Defendant's products are associated with or one in the same as Plaintiff's products.

36.     In addition, Defendant's representatives have repeatedly engaged in misleading sales tactics whereby customers mistakenly believe that the "Blue Label" products sold by

5566901.8

Defendant are one and the same with and/or of the same quality and geographic origin as those sold by Plaintiff, which they are not.

37.     Defendant's continued use of the identical mark "Green Label" and prior use of the identical word marks "Red Label" and "Blue Label," together with the copying and misappropriation of Plaintiff's practice of using corresponding colored labels has caused and is likely to cause confusion, mistake or deception as to the source or origin of Defendant's goods. As a result of Defendant's use and copying of Plaintiff's intellectual property, consumers are likely to believe that Defendant's goods are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected to Plaintiff, when they are not.

38.     Defendant's misappropriation of Plaintiff's RED LABEL, BLUE LABEL and GREEN LABEL trademarks and corresponding colored labels has caused numerous instances of actual confusion in the marketplace and Plaintiff has been repeatedly contacted by its purchasers about this issue

39.     The acts of Defendant complained of hereinabove are unlawful, willful and knowingly performed with the intent and result of injuring Plaintiff.

40.     Defendant has failed to comply with Plaintiff's demands and continues to infringe upon Plaintiff's rights in connection with the sale as well as the advertising, promotion and marketing of its goods.  The continued infringement of Plaintiff's rights, coupled with Defendant's previous use of the identical word marks and failure to permanently discontinue these activities has left Plaintiff with no other choice but to commence the present lawsuit.

5566901.8

## COUNT I

## TRADEMARK INFRINGEMENT

41.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-40 of the Complaint as though fully set forth herein.

42.     Defendant, through its conduct described above, has sold goods via interstate commerce under marks that are a colorable imitation of Plaintiff's registered RED LABEL, GREEN LABEL and BLUE LABEL marks, which has and is likely to cause confusion or mistake and/or to deceive in violation of the Lanham Act Section 32(1) (15 U.S.C. § 1114(1)).

43.     Upon information and belief, Defendant has committed such acts of infringement willfully and with full knowledge of Plaintiff's prior use and registration of, and rights in and to, its RED LABEL, GREEN LABEL and BLUE LABEL marks.

44.     As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT II

## UNFAIR COMPETITION UNDER SECTION 43(a)
## OF THE LANHAM ACT

45.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-44 of the Complaint as though fully set forth herein.

46.     Defendant, through its conduct as described above, has sold goods under colorable imitations of Plaintiff's RED LABEL, GREEN LABEL and BLUE LABEL marks, which has and is likely to cause confusion or mistake and/or to deceive in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

5566901.8

47.     Defendant has committed such acts of false designation of origin and false description and representation willfully and with full knowledge of Plaintiff's prior use of, and rights in, its RED LABEL, GREEN LABEL and BLUE LABEL marks.

48.     As a result of Defendant's acts of unfair competition, Plaintiff has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT III

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

49.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-48 of the Complaint as though fully set forth herein.

50.     Defendant's aforesaid acts constitute infringement of Plaintiff's common law rights in its RED LABEL, GREEN LABEL and BLUE LABEL marks and tend to falsely describe or represent that Defendant's goods are sold and/or provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected to Plaintiff and are of the same character, nature and quality as Plaintiff's goods, thereby damaging Plaintiff and Plaintiff's reputation.

51.     The acts of Defendant complained of hereinabove constitute acts of unfair competition against Plaintiff under the common law of the State of New Jersey, which acts have been committed knowingly and willfully and have injured Plaintiff in its trade and business.

52.     By reason of the aforesaid acts, Defendant has caused damage to Plaintiff and to the goodwill associated with Plaintiff's RED LABEL, GREEN LABEL and BLUE LABEL marks.

5566901.8

## COUNT IV

### UNFAIR COMPETITION UNDER N.J.S.A. § 56:4-1

53.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-52 of the Complaint as though fully set forth herein.

54.    Defendant's unauthorized use of Plaintiff's RED LABEL, GREEN LABEL and BLUE LABEL marks and its corresponding colored labels falsely indicates that Defendant is connected with, sponsored, endorsed, authorized, approved by or affiliated with Plaintiff, which it is not.

55.    Defendant's unauthorized use of Plaintiff's RED LABEL, GREEN LABEL and BLUE LABEL marks and its corresponding colored labels is likely to cause confusion, mistake or deception as to the source or affiliation of Defendant's goods.

56.    Defendant's unauthorized use of Plaintiff's RED LABEL, GREEN LABEL and BLUE LABEL marks and its corresponding colored labels in connection with Defendant's goods allows Defendant to receive the benefit of Plaintiff's goodwill, which Plaintiff has established at great labor and expense.

57.    The acts of Defendant complained of herein constitute unfair competition in violation of the New Jersey Unfair Competition Statute (N.J.S.A. § 56: 4-1) and the common law of the State of New Jersey.

58.    The acts of Defendant complained of herein were committed willfully.

59.    As a result of Defendant's actions, Defendant is being unjustly enriched and Plaintiff has been harmed in an amount to be determined at trial and will continue to be harmed and will suffer irreparable injury unless Defendant is enjoined from the foregoing actions.

5566901.8

## COUNT V

### TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT 15 U.S.C. § 1125(a)

60.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-59 of the Complaint as though fully set forth herein.

61.     Defendant's unauthorized use of Plaintiff's color categorization system trade dress used in connection with Plaintiff's products falsely indicates that Defendant is connected with, sponsored, endorsed, authorized, approved by or affiliated with Plaintiff, which it is not.

62.     Defendant's use of Plaintiff's color categorization system trade dress, is likely to cause, and has already caused confusion, mistake or deception as to the source or affiliation of Defendant's goods.

63.     Defendant's unauthorized use of Plaintiff's color categorization system trade dress allows Defendant to receive the benefit of Plaintiff's goodwill, which Plaintiff has established at great labor and expense.

64.     The acts of Defendant complained of herein constitute an infringement of Plaintiff's color categorization system trade dress used in connection with Plaintiff's goods in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.     The acts of Defendant complained of herein were committed willfully.

66.     As a result of Defendant's actions, Defendant is being unjustly enriched and Plaintiff has been and is being injured and damaged both in terms of lost sales and loss of control over its valuable brand and goodwill, and Plaintiff has been harmed in an amount to be determined at trial and will continue to be harmed and will suffer irreparable injury unless Defendant is enjoined from the foregoing actions.

5566901.8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant as follows:

1.      That Defendant, and its officers, agents, servants, distributors, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with the Defendant, and each of them, be permanently enjoined and restrained from, directly or indirectly:

(a)      Using the marks  RED LABEL, GREEN LABEL and BLUE LABEL or any other marks confusingly similar thereto, alone or in combination with other words, names, styles, titles, designs or marks in connection with the provision of their goods;

(b)      Using in any other way any other marks or designations so similar to Plaintiff's RED LABEL, GREEN LABEL and BLUE LABEL marks as to be likely to cause confusion, mistake or deception;

(c)      Using a colorable imitation of Plaintiff's color categorization system trade dress;

(d)      Falsely designating the origin, sponsorship, or affiliation of Defendant's goods in any manner;

(e)      Otherwise competing unfairly with Plaintiff in any manner;

(f)      Using any words, names, styles, designs, titles, designations, or marks which create a likelihood of injury to the business reputation of Plaintiff and the goodwill associated therewith;

(g)      Using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and goodwill pertaining thereto; and

5566901.8

(h)     Continuing to perform in any manner whatsoever any of the acts complained of in this complaint.

2.     That Defendant be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts as alleged herein.

3.     That Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by them from the unlawful activities alleged herein.

4.     That Defendant, pursuant to 15 U.S.C. § 1118, be required to deliver up for destruction or show proof of said destruction all products in the possession, custody or control of Defendant sold under or bearing or utilizing Plaintiff's RED LABEL, GREEN LABEL and BLUE LABEL marks and/or its corresponding colored labels.

5.     That Defendant be required to deliver for destruction all stationary, signs, advertisements, promotional flyers, cards, brochures, promotional materials and any other written materials which bear an infringing mark and/or trade dress together with all plates, molds, matrices and other means and materials for making or reproducing the same, and that Defendant be required to remove any and all online advertising or other web content which bears or includes an infringing mark and/or trade dress.

6.     That Defendant be required to pay to Plaintiff all of its litigation expenses, including but not limited to reasonable attorneys fees and the costs of this action.

5566901.8

7.    That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, New Jersey 07052
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
Attorneys for Plaintiff
Ruggiero Seafood, Inc.

By:  *s/ Ronald L. Israel*
        RONALD L. ISRAEL

Dated:  November 23, 2015
           West Orange, New Jersey

17

5566901.8

## JURY DEMAND

Plaintiff demands trial by jury of all claims and defenses in this action so triable.

CHIESA SHAHINIAN & GIANTOMASI PC
Attorneys for Plaintiff
Ruggiero Seafood, Inc.


By:    *s/ Ronald L. Israel*
RONALD L. ISRAEL

Dated:  November 23, 2015


## LOCAL RULE 11.2 CERTIFICATION

The matter in controversy is not the subject of any other action pending in any other court or any pending arbitration or administrative proceeding.

CHIESA SHAHINIAN & GIANTOMASI PC
Attorneys for Plaintiff
Ruggiero Seafood, Inc.


By:    *s/ Ronald L. Israel*
RONALD L. ISRAEL

Dated:  November 23, 2015

5566901.8